# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>             Plaintiff,<br><br>   v.<br><br>AHLIN, et. al.,<br><br>             Defendants. | Case No.  1:16-cv-00138-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docs. 1, 7)**<br><br>**THIRTY (30) DAY DEADLINE** |

## INTRODUCTION

### A.     Background

Plaintiff, Reginald Smith, is a former civil detainee, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff contends he was attacked by another patient while he was detained at Coalinga State Hospital.  As discussed below, Plaintiff fails to state a cognizable claim against any of the named Defendants.  Thus, the Complaint is dismissed and Plaintiff is granted leave to file a first amended complaint.

### B.     Screening Requirement and Standard

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim

or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  The Rule is also violated when a pleading says *too much*.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 555).  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* inmates and detainees are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If Plaintiff chooses to file a first amended complaint, it should be as concise as possible. Plaintiff should state which constitutional rights he believes were violated by each Defendant and set forth the factual basis for each violation. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d

3

1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff names Pam Ahlin, Audrey King, Robert Withrow, M.D., Daniel Meeks, James Walters, Kevin Miller, Ph.D., Jessica Jimenez, Vincent Oliver, and John/Jane Does 1-10 as Defendants. He fails, however, to link any of these individuals to the events at issue in his Complaint. Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief and to put each defendant on notice of their allegedly offending acts. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff complains of incidents that occurred while he was civilly detained at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predator Act contained within Welfare & Institution Code sections 6600 et seq. ("SVPA"). A person so detained is a Sexually Violent Predator ("SVP") which is statutorily defined as an individual with "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he

///

//

1  or she will engage in sexually violent criminal behavior." Welf. & Inst. Code § 6600(a).[1]  The
2  SVPA authorizes the involuntary civil commitment of a person who has completed a prison term,
3  but has been given a "full evaluation" and found to be a sexually violent predator.  *Reilly v.*
4  *Superior Court*, 57 Cal.4th 641, 646 (2013); *People v. McKee*, 47 Cal.4th 1172, 1185 (2010).

5  Plaintiff is currently detained at the Fresno County jail, but contends that while he was
6  detained at CSH, Defendants failed to protect him from another detainee, Stallworth.  He seeks
7  monetary damages, as well as injunctive and declaratory relief.

8  Plaintiff alleges that numerous physical altercations between patients occurred from his
9  initial placement at CSH in 2010 to the filing of this action in 2016.  Plaintiff alleges that on
10 March 12, 2010, he and Stallworth were housed in a four-man dorm when an "unreported
11 physical altercation" occurred between them.  No injuries were noted and staff responded by
12 moving Plaintiff to a different dorm in the same unit.  Three days later, on March 15, 2010,
13 Plaintiff met with CSP's Hospital Access System regarding the altercation and reported that
14 "Stallworth conspired to have [Plaintiff] removed from his dorm."  The next day, Plaintiff and
15 Stallworth had another physical altercation, but ultimately agreed the issue was resolved.

16 More than four years later, on October 28, 2014, Stallworth was once again placed in
17 Plaintiff's assigned dorm.  Plaintiff immediately raised concern for his safety and asked
18 Plaintiff's sponsor, unit supervisor, WRPT and program assistants to rescind Stallworth's move --
19 to no avail.  However, Defendant Young ordered that Plaintiff be moved from the assigned dorm
20 into a single room.

21 On December 26, 2015, Plaintiff and another patient were watching television when
22 Stallworth entered exhibiting an "attitude for no apparent reason" and told Plaintiff "I'm coming
23 to look at TV."  Plaintiff, who was sitting at a back table, was confused by this statement.
24 Stallworth left and returned with a remote for the TV.  Stallworth turned off his own TV and
25 changed the channel on the TV Plaintiff was watching.  Plaintiff calmly asked Stallworth what

---

[1] California voter-approved Proposition 83 validly extended the term of commitment under the SVPA to an indeterminate period, ensuring the SVP remains in custody until successfully proving he or she is "no longer an SVP or the Department of Mental Health determines he [or she] no longer meets the definition of an SVP."  *Bourquez v. Superior Court*, 156 Cal.App.4th 1275, 1287 (2007); Welf. & Inst. Code §§ 6605, 6608(i).

the problem was and whether Plaintiff had done something to cause Stallworth's negative attitude, his anger and his disrespectful behavior toward Plaintiff. Stallworth lunged at Plaintiff, hitting him in the face, busting Plaintiff's lip, and causing Plaintiff to fall into a chair. During the altercation, Plaintiff was rendered unconscious and Stallworth continued to attack him. Plaintiff recalls being roused by Nurse Glenda Rose and officers and being taken to Coalinga Emergency Room.

As discussed in detail below, these allegations do not state a cognizable claim. However, in light of Plaintiff's *pro se* status, he is given the legal standards for the claims he identifies and is granted leave to file a first amended complaint.

### B.      Legal Standards

To determine whether conditions of confinement of civilly committed individuals have been violated, courts look to the substantive due process clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)), via "'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners, to establish a floor for the constitutional rights of persons detained under a civil commitment scheme. *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), *vacated and remanded on other grounds by* 556 U.S. 1256 (2009)). Eighth Amendment standards may be borrowed to establish the constitutional floor. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), *abrogated on other grounds by* 511 U.S. 825 (1994).

### 1. Due Process

#### a. Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Though Plaintiff asserts a general due process claim, he has not alleged any facts to support a claim that he was deprived of a protected interest without procedural due process.

#### b. Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). However, "[t]he substantive rights of civilly committed persons derive from the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Endsley v. Luna*, No. CV 06-06961-DSF (SS), 2009 WL 789902, at *4 (C.D.Cal. Mar.23, 2009), (citing *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S.Ct. 2452 (1982)); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861 (1979); *see also Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780 (1992) (person not criminally convicted may be detained if mentally ill and dangerous but may not be "punished").

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while in a state detention facility. *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). The Supreme Court has noted that the right to personal security constitutes a "historic liberty interest" protected substantively by the Due Process Clause. *Id.*, (quoting *Ingraham v. Wright*, 430 U.S.

651, 673, 97 S.Ct. 1401, 1413 (1977)).  And that right is not extinguished by lawful confinement, even for penal purposes.  *See Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565 (1978).  "[T]he due process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'"  *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *3 (9th Cir. Aug. 15, 2016) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979 (1983)).

 State officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection.  *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference."  *Castro*, at *4.  A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind.  *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *5-6 (9th Cir. Aug. 15, 2016) (citing *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466, 2472-73 (2015)).

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, at *7.  "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case." ' "  *Castro*, at *7 (quoting *Kingsley*, 135 S.Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)) (*ref.* Restatement (Second) of Torts § 500

cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it")).

Plaintiff's allegations fail to meet the requisite elements for a failure-to-protect claim. Specifically, Plaintiff's allegations show that he and Stallworth had only three interactions. Their first interaction occurred on March 12, 2010, when Plaintiff alleges he and Stallworth were involved in an "unreported physical altercation." The second incident occurred more than four years later, on October 28, 2014, when Stallworth was placed in Plaintiff's assigned dorm; Plaintiff immediately raised concerns for his safety and Defendant Young ordered that Plaintiff be moved from the assigned dorm into a single room. This incident did not involve a physical altercation or even a negative conversation between Plaintiff and Stallworth. The third incident took place over a year later, on December 26, 2015, when Stallworth inexplicably attacked Plaintiff after a discussion regarding watching TV.

Neither of the first two incidents would have placed any of the defendants on notice that allowing Stallworth to be near Plaintiff in December of 2015, was objectively unreasonable and posed a substantial risk of harm to Plaintiff. The first incident was not reported and the second incident, which did not involve any altercation, occurred over four years later and more than a year before Stallworth attacked Plaintiff. These are not circumstances which would have placed any state actor on notice that steps needed to be taken to prevent Plaintiff from being seriously harmed in December of 2015. Although Plaintiff's allegations show that the passage of time did not ameliorate emotions between him and Stallworth, they fail to show a continuing, growing animosity between them, let alone that Stallworth and Plaintiff should have been restricted from being in the same areas in December of 2015. Plaintiff's allegations do not even show that *he* was apprehensive in advance of Stallworth's attack on December 26, 2015, let alone that a reasonable officer would have appreciated that the circumstances posed a high degree of risk to Plaintiff so as to necessitate preventative action. A finding that Defendants were deliberately indifferent to Plaintiff's safety when Stallworth attacked Plaintiff in December of 2015, on the facts alleged, is unwarranted.

### 2.     Supervisory Defendants

It appears that Plaintiff may have named a number of the defendants in this action simply because they hold supervisory positions. When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677.

However, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to a plaintiff's rights is sufficient to demonstrate the involvement and the liability of that supervisor. Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction -- not vicariously liable for the culpable action or inaction of his or her subordinates. *See Starr v. Baca,* 652 F.3d 1202 (9th Cir. 2011).

As stated above, Plaintiff fails to state a cognizable claim against any of the named defendants. Thus, their supervisors could not have had knowledge of, and acquiesced in, their alleged unconstitutional conduct.

### 3.     Injunctive and Declaratory Relief

Plaintiff requests injunctive and declaratory relief. As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island*

1  *Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d
2  964, 969 (9th Cir. 2010).  Plaintiff "must show that he is under threat of suffering an 'injury in
3  fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or
4  hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be
5  likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at
6  493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

7  The claims which Plaintiff alleges in this action arise from events which occurred at CSH.
8  Plaintiff is currently in a county jail.  Accordingly, Plaintiff's requests for injunctive relief to
9  remedy his conditions of confinement at CSH were rendered moot on his release, before he was
10 arrested and held in the Fresno County jail.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir.
11 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).  Thus, Plaintiff's request for
12 injunctive relief is dismissed.

13 Plaintiff's claim for damages necessarily entails a determination whether his rights were
14 violated.  Thus, his request for declaratory relief is dismissed since it is subsumed by those
15 claims.  *Rhodes v. Robinson,* 408 F.3d 559, 565-66 n.8 (9th Cir. 2004).

16 **ORDER**

17 For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first
18 amended complaint within **thirty (30) days**.  Any such first amended complaint shall not exceed
19 **twenty-five (25) pages** in length.  If Plaintiff needs an extension of time to comply with this
20 order, Plaintiff shall file a motion seeking an extension of time no later than thirty (30) days from
21 the date of service of this order.

22 Plaintiff must demonstrate in any first amended complaint how the conditions complained
23 of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d
24 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named
25 defendant is involved.  There can be no liability under section 1983 unless there is some
26 affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*
27 *v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*
28 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

1     Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and
2 plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon
3 which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*
4 *Gibson*, 355 U.S. 41, 47 (1957)).  Although accepted as true, the "[f]actual allegations must be
5 [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555
6 (2007) (citations omitted).  Plaintiff is further reminded that an amended complaint supercedes
7 the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1
8 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior
9 or superceded pleading," Local Rule 220.

10     The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified
11 by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff
12 may not change the nature of this suit by adding new, unrelated claims in his first amended
13 complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

14     Based on the foregoing, it is HEREBY ORDERED that:

15     1.   Plaintiff's Complaint is dismissed, with leave to amend;

16     2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

17     3.   Within **thirty (30) days** from the date of service of this order, Plaintiff must file
18          either a first amended complaint curing the deficiencies identified by the Court in
19          this order or a notice of voluntary dismissal;

20     4.   Plaintiff's "Motion for Notice to Change Address and Pro-Per Status," filed on
21          July 13, 2016, (Doc. 7), is **GRANTED** in as much as his address was previously
22          updated to the Fresno County Jail (*see* Doc. 6), this order notes Plaintiff's *pro se*
23          status, and the Clerk of the Court is directed to send Plaintiff a copy of all
24          documents he has filed (Docs. 1, 2, 5, 6) and of all orders that have issued (Docs.
25          3, 4) in this action; and

26     5.   **If Plaintiff fails to comply with this order, this action will be dismissed for**
27          **failure to obey a court order and for failure to state a claim.**

28 IT IS SO ORDERED.

Dated: **October 12, 2016**                  /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE