# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

REGINALD SMITH,

          Plaintiff,

    v.

AHLIN, et. al.,

          Defendants.

Case No. 1:16-cv-00138-SKO (PC)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND, DENYING EXTENSION OF TIME, and GRANTING MOTION TO AMEND**

**(Docs. 10, 11, 14)**

**THIRTY (30) DAY DEADLINE**

## INTRODUCTION

### A.    Background

Plaintiff, Reginald Smith, is a civil detainee, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In the Original Complaint, Plaintiff contended that he was attacked by another patient at Coalinga State Hospital. (Doc. 1.) Upon screening, it was found that Plaintiff failed to state any cognizable claims and he was granted leave to file an amended complaint. (Doc. 8.) On November 2, 2016, Plaintiff filed the First Amended Complaint which is before the Court for screening. (Doc. 11.) As discussed below, instead of providing specific factual allegations to perfect his pleading, Plaintiff has added rambling statements which are not clearly linked to any of the named Defendants. This exceeds the scope of leave granted and violates Rule 8(a) of the Federal Rules of Civil Procedure. Thus, the First Amended Complaint is dismissed and Plaintiff is granted leave to file a second amended complaint.

**B.      Screening Requirement and Standard**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

## DISCUSSION

**A.      Plaintiff's Allegations**

Plaintiff complains of incidents that occurred at Coalinga State Hospital ("CSH") where he is detained pursuant to California's Sexually Violent Predator Act contained within Welfare & Institution Code sections 6600 et seq. ("SVPA").  Plaintiff was detained as a Sexually Violent Predator ("SVP") which is statutorily defined as an individual with "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."  Welf. & Inst. Code § 6600(a).[1]  The SVPA authorizes the involuntary civil commitment of a person who has completed a prison term, but has been given a "full evaluation" and found to be a sexually violent predator.  *Reilly v. Superior Court*, 57 Cal.4th 641, 646 (2013); *People v. McKee*, 47 Cal.4th 1172, 1185 (2010).

Plaintiff appears to contend that the named Defendants failed to protect him from another detainee, Stallworth, and seeks monetary damages as well as injunctive and declarative relief.  However, Plaintiff no longer states factual allegations showing the specific altercations with Stallworth.  It appears that Plaintiff believed the First Amended Complaint would simply add to the allegations in his Original Complaint.  However, Plaintiff was specifically informed in the

---

[1] California voter-approved Proposition 83 validly extended the term of commitment under the SVPA to an indeterminate period, ensuring the SVP remains in custody until successfully proving he or she is "no longer an SVP or the Department of Mental Health determines he [or she] no longer meets the definition of an SVP."  *Bourquez v. Superior Court*, 156 Cal.App.4th 1275, 1287 (2007); Welf. & Inst. Code §§ 6605, 6608(i).

prior screening order that "an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be 'complete in itself without reference to the prior or superceded pleading,' Local Rule 220." (Doc. 8, p. 12.)

In light of Plaintiff's *pro se* status, he is given the legal standards for the claims he identifies and is granted leave to file a second amended complaint which is no longer than **twenty-five (25) pages**. Plaintiff is warned that his second amended complaint **must not violate Rule 8(a) and must link each named defendant to his factual allegations**.

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

As stated in the prior screening order, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 555).  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* inmates and detainees are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a second amended complaint, **Plaintiff should endeavor to make it as concise as possible**.  **He should simply state which of his constitutional rights he believes were violated by each Defendant and the factual basis for each violation**.  As previously directed, Plaintiff need not and should not cite legal authority for his claims in a second amended complaint.  His factual allegations are accepted as true and need not be bolstered by legal authority or catch phrases at the pleading stage.  If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

4

## 2. Linkage and Causation

As also stated in the prior screening order, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff names Pam Ahlin, Audrey King, Robert Withrow, M.D., Daniel Meeks, James Walters, Kevin Miller, Ph.D., Jessica Jimenez, M. Davis, Vincent, Oliver, and John/Jane Does 1-10 as Defendants. However, his facts are so rambling that it is impossible to decipher any linkage of these individuals to the events at issue in the First Amended Complaint. He states, for example:

> Condition of Confinement
>
> Magistrate for your knowledge of how each patient have to respect one another having only 2# TV's as offered a day room and a sport room, one TV in each Room. For 50# patients on a unit #4 incoming and 4# out going phones for the use of 50# patients on each unit. This cause confusion daily when patients as Stallworth hold and hog the phone daily 24/7. To sleep in his 4 man dorm with the unit phones and ready to fight and will fight, if any patient as him to have respect for other's for usage of the phone. Please understand such issues with Stallworth causes him many fights and confusion. As for the sports TV room, Stallworth brings his personal music box for hours, which causes issues again with the only people whom has no fear to ask him to look at TV without loud music. Another issue of the defendants selfishness and self-centered character default by which he refuse to change. How do I know because him and I talked about it. Attempting to work our issues out time and time again, but being patient Stallworth is bipolar and is insecure about his sexuality his attitude changes.

(Doc. 11, FAC, pp. 14-15.) Plaintiff provides the above information to show the following:

> Coalinga Staff was aware and conscious of the unit rule violation done by Stallworth and never stopped such action, which allow confusion, being 60% of Coalinga Staff and employees are corrupted, with the news now informing one and all of such corruption, to bring in drugs, porn, having sex with patients our nurses and our psychologist has been arrested for drugs transportation and usage. Your Honor the same doctors which are in our charts a, our medical records and reports to the courts, such issues of malpractice and staff neglect. Your Honor but I'm sure you know of such matters, I'm only offering such insight from both sides. Being staff fail to address the many issues until a fight for charting and documentation of violence.

(*Id.*, pp. 15-16.) Such generalized and conclusory statements fail to provide the requisite factual specificity to link any named Defendant to the offending acts alleged by Plaintiff.

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires factual allegations sufficient to state a plausible claim for relief and to put each defendant on notice of their allegedly offending acts. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). In this case, Plaintiff must state specific factual allegations to show that each Defendant was personally aware of the facts establishing that Stallworth presented a risk of harm to Plaintiff. Allegations that Stallworth is generally disagreeable and aggressive are insufficient. Plaintiff must set forth allegations to show that each Defendant knew that Stallworth presented a specific risk of harm to Plaintiff and failed to take steps to remedial action. The mere possibility that they were aware of the circumstances or of misconduct by a Defendant falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### C.     Legal Standards

To determine whether conditions of confinement of civilly committed individuals have been violated, courts look to the substantive due process clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th

Cir. 1980)), via "'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners, to establish a floor for the constitutional rights of persons detained under a civil commitment scheme. *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), *vacated and remanded on other grounds by* 556 U.S. 1256 (2009)). Eighth Amendment standards may be borrowed to establish the constitutional floor. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), *abrogated on other grounds by* 511 U.S. 825 (1994).

### 1. Due Process

#### a. Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Though Plaintiff asserts a general due process claim, he has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

#### b. Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). However, "[t]he substantive

7

rights of civilly committed persons derive from the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Endsley v. Luna*, No. CV 06-06961-DSF (SS), 2009 WL 789902, at *4 (C.D.Cal. Mar.23, 2009), (citing *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S.Ct. 2452 (1982)); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861 (1979); *see also Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780 (1992) (person not criminally convicted may be detained if mentally ill and dangerous but may not be "punished").

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while in a state detention facility. *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). The Supreme Court has noted that the right to personal security constitutes a "historic liberty interest" protected substantively by the Due Process Clause. *Id.*, (quoting *Ingraham v. Wright*, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413 (1977)). That right is not extinguished by lawful confinement, even for penal purposes. *See Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565 (1978). "[T]he due process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Castro v. County of Los Angeles*, --- F.3d ---, 2016 WL 4268955, *3 (9th Cir. Aug. 15, 2016) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979 (1983)).

State officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection. *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference." *Castro*, at *4. A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *5-6 (9th Cir. Aug. 15, 2016) (citing *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466, 2472-73 (2015)).

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, at *7. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case." ' " *Castro*, at *7 (quoting *Kingsley*, 135 S.Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)) (*ref.* Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it")).

## 2. Supervisorial Defendants

Plaintiff appears to have named a number of the defendants in this action simply because they hold supervisorial positions. When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their

employees under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 677.

However, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to a plaintiff's rights is sufficient to demonstrate the involvement and the liability of that supervisor; thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, and not vicariously liable for the culpable action or inaction of his or her subordinates.  *Id.*

Plaintiff's allegations are exceedingly conclusory and need not be accepted as true.  *Iqbal.* at 678; *Moss*, 572 F.3d at 969; *Twombly*, 550 U.S. at 556-557.  For example, Plaintiff alleges:

> Coalinga State Hospital policy stop all are most patient(s) on (ICE) unite prior to review all and denied, if it's a (WRPT) write up of any rule violation for 180 days to 6 months to a year even if it's not your fault.  As for me in most or all my altercations was in defense of harm and life.  A due process violation with the named defendants and administration and supervisor deliberate indifference and bias nature failed equal protection based upon the risk of harm and my injury and consent threat of harm as then ignored, as for such subordination with Coalinga Administration as to the named parties, Audrey King, Robert Withrow, Pam Ahlin, Daniel Meeks, and James Walters all as named "support" such a policy which is a violation of my constitutional rights of liberty and freedom of association then denied.

Such conclusory and generalized assertions are insufficient to state a cognizable claim.

In sum, Plaintiff fails to state specific factual allegations to state a cognizable claim against any of the named defendants for any of their supervisors to have known of and acquiesced in their alleged unconstitutional conduct.

## ORDER

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed with leave to file a second amended complaint within **thirty (30) days**.  Any such second amended complaint shall not exceed **twenty-five (25) pages**.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **thirty (30) days** from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted). Plaintiff is again reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is restricted to the conditions surrounding the altercations with patient Stallworth that occurred in 2014 and 2015.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's First Amended Complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

4. Plaintiff's motion to amend his complaint to include a demand for a jury trial, filed on February 6, 2017, (Doc. 14), is **GRANTED** in as much as Plaintiff may demand a jury trial in the second amended complaint;

5. Plaintiff's motion for an extension of sixty to ninety days on any deadlines that might eventually be set in this case, filed on November 2, 2016, (Doc. 10), is **DENIED** as extensions of time are only granted when a deadline exists and upon a showing of good cause; and

5. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:     **April 25, 2017**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE