# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AHLIN, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00138-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 20)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE** |

## <u>FINDINGS</u>

### A.　Background

Plaintiff, Reginald Smith, is a civil detainee, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on January 29, 2016. (Doc. 1.) It was screened and dismissed with leave to amend. (Doc. 8.)

On September 4, 2014, Plaintiff filed the First Amended Complaint, which was screened and dismissed with leave to amend. (Docs. 11, 17.) Plaintiff's Second Amended Complaint is before the Court for screening. (Doc. 20.) Although Plaintiff has twice been given the required pleading and legal standards, he fails to state a cognizable claim. The Court recommends that this action be dismissed with prejudice.

### B.　Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed pursuant to 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury, does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.** **Summary of the Second Amended Complaint**

Plaintiff complains of incidents that occurred while he was civilly detained at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predator Act in Welfare & Institution Code sections 6600 et seq. ("SVPA"). A person so detained is a Sexually Violent Predator ("SVP") which is statutorily defined as an individual with "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he

/ /

/ /

or she will engage in sexually violent criminal behavior." Welf. & Inst. Code § 6600(a).[1] The SVPA authorizes the involuntary civil commitment of a person who has completed a prison term, but has been given a "full evaluation" and found to be a sexually violent predator. *Reilly v. Superior Court*, 57 Cal.4th 641, 646 (2013); *People v. McKee*, 47 Cal.4th 1172, 1185 (2010).

Plaintiff complains that Defendants State Hospital Director Pam Ahlin, retired CSH Executive Director Audrey King, CSH Executive Director Brandon Price, CSH Medical Director Robert Witherow, M.D., and CSH Program Director Daniel Meeks failed to protect him from another detainee, Stallworth. Plaintiff seeks monetary damages as well as injunctive and declarative relief for violation of his rights to be free from cruel and unusual punishment (Doc. 20, pp. 3-4) and under the Equal Protection Clause (*id.*, p. 5).

Specifically, Plaintiff alleges that "[o]n April 15, 2010, Plaintiff was involved in a combative situation with another patient." (Doc. 20, p. 3.) Although CSH staff broke up the altercation, they failed to follow-up to ensure no further incidents of this nature occurred. On May 21, 2013, another patient, Stallworth, advised Unit 8's R.N. that he was tired of Plaintiff (who lived in Stallworth's dorm room) and that he was not afraid of killing Plaintiff. As a result, Stallworth was removed from the unit and placed in a different program and unit.

In August of 2015, over Plaintiff's objections, Stallworth was returned to Unit 8. On August 5, 2015 and August 25, 2015, staff noted Plaintiff's concern for his safety in light of Stallworth's return to the unit. Four months later, on December 26, 2015, Plaintiff and another patient were watching television when Stallworth entered and attacked Plaintiff, rendering him unconscious. Plaintiff was subsequently taken to Coalinga Regional Community Hospital where his injuries were treated.

Plaintiff also alleges that from March 12, 2015, through December 26, 2015, he was involved in eleven altercations "which may have easily been prevented had Ahlin, Price, et al., concluded that it would be best for all parties involved that (sic) a physical separation of involved

---

[1] California voter-approved Proposition 83 validly extended the term of commitment under the SVPA to an indeterminate period, ensuring the SVP remains in custody until successfully proving he or she is "no longer an SVP or the Department of Mental Health determines he [or she] no longer meets the definition of an SVP." *Bourquez v. Superior Court*, 156 Cal.App.4th 1275, 1287 (2007); Welf. & Inst. Code §§ 6605, 6608(i).

parties would alleviate direct conflicts that would more likely than not result acts of violence."
(Doc. 20, pp. 3-4.)

As discussed in greater detail below, despite twice having been provided the pleading and legal standards for the claims he attempts to state, Plaintiff fails to sufficiently link any of the defendants to his factual allegations and to state cognizable claims. It, therefore, appears that Plaintiff is unable to state a cognizable claim and so as not to encourage fabrication,[2] it is recommended that this action be dismissed with prejudice.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

/ /

---

[2] Without making any definitive finding, the Court notes that fabrication can sometimes take place, when as in this case, some of the dates and altercation scenarios change between a plaintiff's pleadings.

4

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. As discussed in detail below, Plaintiff's allegations equate to mere possibility that the defendants acted unlawfully, which is insufficient to state cognizable claims.

**2.     Linkage**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012)

5

(citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff has twice been informed that his allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief and to put each defendant on notice of their allegedly offending acts. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Despite repeatedly having been provided this pleading requirement, Plaintiff fails to link any of the named defendants to the events at issue in the Second Amended Complaint.

## DISCUSSION

### A. Plaintiff Fails to State a Claim for Cruel & Unusual Punishment

#### 1. Legal Standards

To determine whether conditions of confinement of civilly committed individuals have been violated, courts look to the substantive due process clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)), via "'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look

to decisions defining the constitutional rights of prisoners, to establish a floor for the constitutional rights of persons detained under a civil commitment scheme. *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), *vacated and remanded on other grounds by* 556 U.S. 1256 (2009)). Eighth Amendment standards may be borrowed to establish the constitutional floor. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), *abrogated on other grounds by* 511 U.S. 825 (1994).

### a. Substantive Due Process

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while in a state detention facility. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). The Supreme Court has noted that the right to personal security constitutes a "historic liberty interest" protected substantively by the Due Process Clause. *Id.*, (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)). And that right is not extinguished by lawful confinement, even for penal purposes. *See Hutto v. Finney*, 437 U.S. 678 (1978).

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners, to establish the constitutional minimum for the rights of persons detained under a civil commitment scheme, *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), *vacated and remanded on other*

*grounds by* 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), *abrogated on other grounds by* 511 U.S. 825 (1994).

There are no specific standards for a failure-to-protect claim brought by a civil detainee under the Fourteenth Amendment. Thus, Plaintiff's allegations are analyzed under the Eighth Amendment which provides the standards for the treatment prisoners receive in prison and the conditions under which they are confined. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Under the Eighth Amendment, prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

The Supreme Court has also stated that a remedy for unsafe conditions need not await a tragic event. *Helling*, 509 U.S. at 33-35. Instead, where a risk/injury has yet to occur, a plaintiff must prove that his future health/safety is unreasonably endangered, "that it is contrary to current

8

standards of decency for anyone to be so exposed against his will, and that prison officials are deliberately indifferent to his plight." *Id*.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835. The Court defined the "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37.

Plaintiff fails to show that any of the named defendants were aware that housing Stallworth with Plaintiff posed a substantial risk of serious harm to Plaintiff--which they intentionally disregarded. Although Plaintiff had prior altercations with other inmates, he does not allege facts to show that he had a physical altercation with Stallworth before the incident in December of 2015. Further, although Plaintiff states he objected to Stallworth's return to Unit 8, he does not set forth any allegations to show that he made any of the named defendants aware, or provided them notice, of his safety concerns. Plaintiff's allegation that the defendants "were continuously advised of the possibility" of Stallworth attacking him and "failed take reasonable action to prevent it" are nothing more than general legal conclusions which need not be accepted since unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

Despite three pleading attempts, Plaintiff fails to show that any of the named defendants knew that Plaintiff faced a substantial risk of serious harm when Stallworth was placed in the same housing unit and deliberately failed to take reasonable measures to abate that risk. *Farmer*, 511 U.S. at 847. Thus, Plaintiff fails to state a claim against any of the named defendants for their failure to protect him from Stallworth.

//

//

**B.     Plaintiff Fails to State an Equal Protection Claim**

In his second claim Plaintiff alleges:[3]

> . . . that each of the named defendants have systematically devised common operational procedures and/or policies which favors white patients and excludes minority races from the favors and considerations which are afforded to White patients. Once discovery is granted, it will be clear that each defendant has provided preferential treatment and considerations to Whites when directly compared to similar acts and/or requests from minorities. In specific to this instant claim, it is respectfully submitted that had this plaintiff been White, defendants would have instantly made sure that the chances of the resulting assault would be minimized to the extent that there would not have been any chance that approval would have been granted for returning Mr. Stallworth to Unit 8.

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). "The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups." *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995)). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Id.* (quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986)).

In the first claim, Plaintiff indicates that he is African-American. (Doc. 20, p. 3.) Thus, Plaintiff's allegations are specific enough to identify the classification of groups. However, the remainder of Plaintiff's allegations are nothing more than legal conclusions which would require unwarranted inferences to establish a cognizable claim. Finally, Plaintiff's allegations under this claim are insufficient to link any of the named defendants to any discriminatory acts. Thus, Plaintiff fails to state a cognizable equal protection claim.

/ /

/ /

---

[3] All of the allegations in Plaintiff's second claim are restated here. (*See* Doc. 20, p. 5.)

**RECOMMENDATION**

Plaintiff's Second Amended Complaint fails to state a cognizable claim against any of the named Defendants. Given Plaintiff's apparent inability to link the named defendants to any of his factual allegations, it appears futile to allow further amendment. Further leave to amend need not be granted since futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2017**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE